IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Bio-Rad Laboratories, Inc., | NO. C 02-05946 JW |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| Applera Corporation, et al., | |
| Defendants. | |

This is a patent infringement case. Plaintiff, Bio-Rad Laboratories, Inc. ("Bio-Rad") is the owner of United States Patent No. 5,089,111 (the "'111 patent"). Bio-Rad asserts that certain products made by Defendants, Applera Corporation and Applied Biosystems (collectively, "Applera") infringe one or more claims of the '111 patent.

On January 30, 2004, the Court held a hearing in accordance with Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), to construe the disputed terms and phrases of the asserted claim in the '111 patent. On March 23, 2004 the Court issued its Claim Construction Order Following Markman Hearing ("Markman Order").

On September 20, 2004, Applera sought reconsideration of three points within the Court's Claim Construction Order. The parties, with this Court's approval, stipulated to multiple stays proceedings, including staying a decision on Applera's Motion for Reconsideration. On March 2, 2005, the Court conducted a case management conference. The parties then informed the Court that they were no longer

in settlement negotiations, and thus, requested the Court to proceed with its decision on the pending motion. Based on all the papers filed to date, the Court DENIES Applera's Motion for Reconsideration.

Rule 7-9(b) of the Civil Local Rules provides that a motion for reconsideration is properly granted after a moving party specifically shows:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Applera asserts three grounds for reconsideration, none of which satisfy Rule 7-9(b). First, Applera argues that judicial estoppel prevents Bio-Rad from arguing that the '111 patent is not directed to the use of non-crosslinked polymers. Furthermore, because of this estoppel, Applera asks the Court to reconsider its construction of the term "gel." Applera contends that the inventor of the '111 patent, in an effort to secure another, latter-issued patent, made representations to the United States Patent and Trademark Office that contradict the construction Bio-Rad now seeks to obtain for its '111 patent. Applera offers the deposition of Ming D. Zhu, the named inventor of the '111 patent. Winters decl., Exh. H. The declaration was taken on August 27, 2004. Id.

Although Applera couches its argument for reconsideration in terms that attempt to satisfy Rule 7-9(b)(1), all of the facts that Applera argues from were available to it before the January 30, 2004 Markman hearing. Moreover, Applera makes no argument that it was unable to secure the testimony it now relies upon. Thus, it is unavailing for Applera to assert a judicial estoppel argument against Bio-Rad now, after the Markman hearing. Accordingly, Applera's ultimate request that the Court reconsider its construction of "gel" is denied. Motion for Reconsideration, 1.

Second, Applera asserts that Court of Appeals for the Federal Circuit ("CAFC") has recently clarified a material point of law governing claim interpretation upon which the Court relied in its Markman

2

1   Order. Applera contends that Goldenberg v. Cytogen, Inc., 373 F.3d 1158, 1164 n.2 (Fed. Cir. 2004)

2   (citing Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 808 (Fed.Cir.2002)), requires the

3   Court to construe the preamble of claims 1 and 16 of the '111 patent. Applera does not contend that a

4   manifest failure by Court resulted in its failure to construe the preambles of claim 1 and 16. Instead,

5   Applera appears to contend that Goldenberg represents new material law that contradicts the Court's

6   Markman Order.

7        Contrary to Applera's contention, Goldenberg is not inconsistent with the prior law. Rather, the

8   footnote Applera references makes clear that Goldenberg affirms prior CAFC precedent. 373 F.3d at

9   1164 n.2. Catalina sets out the same rule this Court followed in making its determination not to construe

10  the preamble of claims 1 and 16 as limitations, that is, "[w]hether to treat a preamble as a limitation is a

11  determination 'resolved only on review of the entire[ ] ... patent to gain an understanding of what the

12  inventors actually invented and intended to encompass by the claim.'" Catalina, 389 F.3d at 808, see also

13  Markman Order, 24 ("Whether a preamble of intended purpose constitutes a limitation to the claim is, as

14  has long been established, a matter to be determined on the facts of each case in view of the claimed

15  invention as a whole.") (citing In re Stencel, 828 F.2d 751, 754 (Fed. Cir. 1987)). Thus, Goldenberg does

16  not represent new material law relevant to the Court's Order. Accordingly, Applera's request for

17  reconsideration of whether the preambles of claims 1 and 16 should be construed as limitations is denied.

18       Finally, Applera requests that the Court reconsider the construction of a term in the '111 patent that

19  the Court found did not require additional construction beyond its "ordinary meaning." Markman Order,

20  28. Again, Applera fails to allege new material facts, law, or manifest failure of the Court in making its

21  request for reconsideration. Accordingly, Applera's third request for reconsideration is also DENIED.

22

23  Dated: August 12, 2005                           /s/ James Ware
                                                                    JAMES WARE
                                                                    United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alice Garber alice.garber@weil.com
Bobby A. Ghajar ghajarb@howrey.com
David Leon Bilsker bilskerd@howrey.com
Eugene Y. Mar eugene.mar@weil.com
Eugene Y. Mar eugene.mar@weil.com
Matthew D. Powers matthew.powers@weil.com
Thomas C. Mavrakakis mavrakakist@howrey.com
Tracy Jolles Holland Tracy_Holland@Dell.com
Vernon M. Winters vern.winters@weil.com
Wallace W. Wu wuw@howrey.com

Dated: August 12, 2005                     **Richard W. Wieking, Clerk**

                                           **By:   /s/ JW Chambers**
                                                  **Ronald L. Davis**
                                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California